<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROPER & TWARDOWSKY, LLC, A Limited Liability Company, | Civil Action No. 13-3945 (ES) |
| Plaintiff, | <u>**OPINION**</u> |
| v. |  |
| STEPHEN L. SNYDER, ESQ.; ROBERT WELTCHEK, ESQ.; SNYDER, SLUTKIN & SNYDER; SNYDER, WELTCHEK & SNYDER; SNYDER & SNYDER, |  |
| Defendants. |  |

<u>S<small>ALAS</small>, D<small>ISTRICT</small> J<small>UDGE</small></u>

### I. Introduction

Pending before this Court is Defendants, Stephen L. Snyder, Esq.; Robert Weltchek, Esq.; Snyder, Slutkin & Snyder; Snyder, Weltchek & Snyder; and Snyder & Snyder's (collectively, "Snyder" or "Defendants") motion to dismiss Plaintiff Roper & Twardowsky, LLC's ("Roper" or "Plaintiff") Complaint. (D.E. No. 9). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Having considered the parties' submissions in support of and in opposition to the instant motion, the Court decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court DENIES Snyder's motion to dismiss Roper's Complaint.

**II.     Background**

As the Court writes for the parties who are thoroughly familiar with the underlying background relating to Snyder's motion to dismiss, the Court limits its discussion to the salient facts and procedural history.

Plaintiff is a New Jersey law firm. (D.E. No 1, Compl. ¶¶ 1, 9). Defendants are a Maryland law firm and shareholders of said law firm.[1] (*Id.* ¶ 4). This matter stems from Roper and Snyder's joint representation and settlement of an underlying state court matter, *In re: Prudential Life Insurance Co. of America Tort Litigation* ("State Court Matter").[2]

On or about July 18, 2006, Roper and Snyder "entered into an agreement by which they agreed to jointly prosecute claims of clients with claims against Leeds, Morelli & Brown[, LLP] and other [d]efendants," intending to "function as a single *de facto* law firm." (Compl. ¶¶ 10, 12; D.E. No. 9-6, Ex. B to Cert. in Support of Defs.' Mot. To Dismiss Pl.'s Compl., Joint Prosecution Agreement ("JPA")). On November 11, 2010, following mediation, the State Court Matter between Roper and Snyder's clients and Leeds, Morelli & Brown, LLP, Prudential and others was settled. (Compl. ¶ 20, D.E. No. 9-9, Ex. E to Cert. in Support of Defs.' Mot. To Dismiss Pl.'s Compl., *In re: Prudential Life Ins. Co. of Am. Tort Litig.*, No. BER-L-2551-10, Opinion & Order ("June 1, 2011 Opinion") at 3).

During the mediation proceedings, Roper and Snyder placed on the record the procedure for resolving any fee dispute between Roper and Snyder. (June 1, 2011 Opinion at 3-4 (quoting Mem. of Understanding at 11-12, 16-17, Nov. 11, 2010)). The firms agreed, in pertinent part, that

---

[1] Defendant Snyder, Weltchek & Snyder is a successor in interest to Defendant Snyder, Slutkin & Snyder. (Compl. ¶ 3). Defendant Snyder & Snyder is a successor in interest to Defendant Snyder, Weltchek & Snyder. (*Id.* ¶ 4).

[2] This state court matter was initially filed in Essex County (No. ESX-L-10547-02) and later transferred to Bergen County (No. BER-L-2251-10) before the Honorable Brian Martinotti, J.S.C.

if either firm disagreed with the mediator's allocation of fees, it would make a submission to Judge Martinotti—the judge who presided over the State Court Matter. (*Id.*). Judge Martinotti would then make a decision regarding the allocation of fees, and that decision would be final and not subject to appeal. (*Id.*). Shortly thereafter, each firm filed a petition seeking a portion of the fees allocated to the other. (*Id.* at 4-5). The New Jersey Superior Court held that neither firm was entitled to any portion of the other's fees, but expressly stated that Plaintiff was not barred from bringing any future claim for breach of contract against Defendants.[3] (*Id.* at 13). The Superior Court further noted that it was never "given subject matter jurisdiction over a contractual dispute between Roper and Snyder."[4] (*Id.*).

On June 26, 2013, Plaintiff filed a complaint in this Court against Defendants, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (Compl. ¶¶ 8-38). Defendants' motion to dismiss is now ripe for this Court's adjudication.

### III. Legal Standards

#### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

---

[3] The Superior Court held that the parties had waived their right to a jury trial and appeal for fee allocation disputes, but not claims for a breach of contract. (*Id.* at 11-12).

[4] The Superior Court held that it had subject matter jurisdiction over the claims against Prudential by way of the New Jersey Supreme Court Order dated February 9, 2010 that designated the matter for centralized management. Further, counsel in that case, Roper and Snyder, permitted that court to hear any fee allocation dispute. (*Id.* at 12). However, the state court was not given subject matter jurisdiction over any contractual claim between two nonparties, Roper and Snyder. (*Id.* at 12-13).

662, 678 (2009) (citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider material beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[When] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[5] *Mayer v. Belichick*, 605

---

[5] The Court notes that neither party objects to this Court's consideration of the June 1, 2011 Opinion, which is a matter of public record and undisputedly authentic. *See Caldwell Trucking PRP Grp. v. Spaulding Composites, Co.*, 890 F.

4

F.3d 223, 230 (3d Cir. 2011). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d at 1426 (citation omitted and quotation marks omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

### B. Federal Rules of Civil Procedure 12(e)

Federal Rules of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003) (citations omitted). "The prevailing standard employed by district courts in this Circuit is to grant such a motion when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Id.* at 232-33 (citation omitted and quotation marks omitted). A more definite statement is appropriate where:

> (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; (2) the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the

---

Supp. 1247, 1252 (D.N.J. 1995) (noting that on a motion to dismiss, a court may properly rely on "public records" and "other materials filed in other courts").

> defendant cannot answer the complaint with a good-faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery.

*Lasky v. Camden Cnty.*, No. 09-4338, 2010 WL 323220, at *2 (D.N.J. Jan. 20, 2010) (citing *Clark*, 213 F.R.D. at 233). "However, to the extent Rule 12(e) can be implemented to require more than what is required by Rules 8(a)(2) and 12(b)(6), and may thereby be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity." *Clark*, 213 F.R.D. at 233 (citation omitted and quotation marks omitted).

With these standards in mind, the Court analyzes the parties' arguments.

**IV.     Analysis**

    **A.     Rooker-Feldman Doctrine**

Defendants move to dismiss the Complaint because it is barred by the Rooker-Feldman doctrine, arguing that: (1) Plaintiff lost the fee-allocation dispute in state court; (2) the injuries claimed in this action are the same as those already determined in state court; (3) the decision of the state court was rendered before this action was filed; and (4) Plaintiff is inviting this court to review and reject the state court's decision. (D.E. No. 9-2, Br. in Support of Defs.' Mot. to Dismiss Pl.'s Compl. ("Def. Br.") at 8). Defendants argue that Plaintiff complains of injury caused by the state-court judgment because "the injury claimed in the Superior Court and in this action are for the allocation of fees from the Prudential settlement." (*Id.*). In opposition, Plaintiff states that it "does not complain of any injury caused by a state-court judgment, rather . . . [injuries caused by] Defendants' breach of contract." (D.E. No. 10, Br. in Opp. to Defs.' Mot. to Dismiss Pl.'s Compl. ("Pl. Opp.") at 6).

The Rooker-Feldman doctrine bars federal district courts from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox*

*Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Four requirements must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The appropriate inquiry is whether "a federal suit presents an independent, non-barred claim" and "the second and fourth requirements are the key" to such an inquiry. *Id.*

When the source of a plaintiff's injury is a defendant's actions, the Rooker–Feldman doctrine does not bar federal jurisdiction. *Id.* at 167. Additionally, the Rooker–Feldman doctrine does not apply "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293. If the claims were previously litigated, as long as the "federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Great W. Mining & Mineral Co.*, 615 F.3d at 167 (citation omitted and quotation marks omitted).

Because the first and third elements of the Rooker-Feldman doctrine are clearly present in this matter, the inquiry must focus on the second and fourth requirements. (*See* D.E. No. 9-8, Ex. B to Cert. in Support of Defs.' Mot. To Dismiss Pl.'s Compl., *In re: Prudential Life Ins. Co. of Am. Litig.*, No. BER-L-2551-10, Apr. 27, 2011 Tr. ("Apr. 27, 2011 Tr."); June 1, 2011 Opinion at 5). Here, Plaintiff alleges that its injuries were caused by Defendants' breach of contract. (Compl. ¶ 14). Thus, the state court's decision is not the source of Plaintiff's alleged injury. Indeed, the state court explicitly carved out Plaintiff's right to bring a contractual claim. (June 1, 2011 Opinion

7

at 3). Because the source of Plaintiff's alleged injury is Defendants' conduct, and not the state court's judgment, the second requirement of the Rooker-Feldman Doctrine is absent here. *See Hahn v. U.S. Dep't of Commerce*, No. 11-6369, 2013 WL 3087063, at *4 n.6 (D.N.J. June 17, 2013) (finding that the second requirement was not satisfied where the plaintiff alleged that conduct of the defendant caused its harm, rather than the state court judgment that dismissed its allegations); *Boykin v. MERS/MERS Corp.*, No. 11-4856, 2012 WL 1964495, at *4 (D.N.J. May 31, 2012) (finding that the second requirement was not satisfied where the plaintiff alleged that defendants "clouded the title to the Property by fabricating mortgage documents").

Moreover, in regards to the fourth prong, Plaintiff at no point seeks for a review of the state court's judgment. Instead, Plaintiff asserts claims that the state court expressly could not consider for lack of subject matter jurisdiction: breach of contract. (Pl. Opp. at 6-7; *see also* June 1, 2011 Opinion at 12-13 ("This Court has subject matter by Order of the Supreme Court . . . [,which] contemplated only the resolution of the plaintiffs' discrimination claims . . . . By agreement, counsel permitted [the state court] to hear the looming fee dispute between Roper and Snyder. However, this Court was not given subject matter jurisdiction over a contractual dispute between Roper and Snyder.")).

Accordingly, federal jurisdiction is not barred under the Rooker-Feldman doctrine, and the Court now moves to determine whether Plaintiff's claims are barred by res judicata.

**B.      Res Judicata**

Defendants argue that Plaintiff's claims should be barred by the doctrine of res judicata "because [Plaintiff] raises the same claims against the same defendant as in his previously dismissed lawsuit in State Court." (Def. Br. at 8). Defendants contend that the dismissal of Plaintiff's claim with prejudice in the state court constitutes an order on the merits, which functions

to preclude Plaintiff's claim. (*Id.* at 9). Defendants further claim that "Plaintiff's reference to new statutory bases for recovery in the subsequent action does not serve to create a new 'transaction or occurrence' . . . because the focus of the claim preclusion inquiry is on the congruence of the factual, rather than the legal, underpinnings of the plaintiff's suits." (*Id.* at 10). In opposition, Plaintiff argues that res judicata cannot apply to its claims because the state court did not have subject matter jurisdiction over a contractual claim and, accordingly, its decision was limited to a fee-allocation dispute. (Pl. Opp. at 8).

The doctrine of res judicata precludes the relitigation of issues between parties. *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 499 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). Under New Jersey law, res judicata will preclude a litigant's claim if three requirements are met: (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privy with those in the prior action; and (3) the claim in the latter action must grow out of the same transaction or occurrence as the claim in the prior action.[6] *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (1991) (citations omitted). Further, res judicata bars "not only matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* Conversely, if "a claim could not have been presented in the first action, then it will not be precluded in a later action. *Id.*

---

[6] The parties agree that New Jersey law applies. For purposes of resolving this motion to dismiss, this Court applies New Jersey law. *See Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, No. 13-1586, 2014 WL 1515558, at *16 (D.N.J. Apr. 17, 2014) ("The Court may postpone a choice of law analysis yet proceed to evaluate the sufficiency of the claims on a Rule 12(b)(6) motion under the assumption that New Jersey law applies, given that Plaintiffs have argued that their . . . claims are viable under New Jersey law.").

The Court agrees with Plaintiff. In regards to the first prong, Defendants correctly note that Plaintiff's fee-allocation claim was dismissed with prejudice and should be treated as an order on the merits. (Def. Br. at 9-10). But, the New Jersey Superior Court expressly carved out Plaintiff's right to bring a contractual claim, holding that its decision regarding fee allocation "does not bar [Plaintiff] from bringing a breach of contract claim against [Defendants]." (June 1, 2011 Opinion at 13). The state court held that Plaintiff had not waived its right to bring a contractual claim against Defendants "[w]ithout addressing the merits of a . . . claim for breach of contract." (*Id.* at 3). Because the state court did not consider the merits of a breach of contract claim, it follows that any judgment could not be on the merits in that regard. Indeed, the state court explicitly held that "[t]he doctrine of res judicata does not bar [Plaintiff's] proposed Complaint [for breach of contract]."[7] (*Id.* at 13). To be sure, the state court also found that it did not have "subject matter jurisdiction over [the] contractual dispute between Roper and Snyder" and therefore Plaintiff could not have brought its contract claim in state court. (*Id.*). Thus, Defendants' res judicata argument fails, and Plaintiff's breach of contract claim is not barred.

### C. Failure to State a Claim Pursuant to 12(b)(6)

Defendants further argue that Plaintiff "merely alleges that the defendants breached the [JPA], [and] fails to state what was the alleged breach, when such alleged breach occurred, how the alleged breach occurred, or how the plaintiffs were damaged, or if they were in fact damaged."[8] (Def. Br. at 10). In response, Plaintiff argues that its complaint "satisfie[s] the pleading requirements." (Pl. Opp. at 10).

---

[7] The state court also held that "the fee petition and proposed Complaint do not involve the same cause of action, despite the fact that they both rely on the same set of facts," and that "[w]hat is relevant is that a breach of contract is an entirely separate ground for action from a [fee petition]." (*Id.*).

[8] Defendants generally move to dismiss Plaintiff's Complaint but only address the alleged breach of the JPA. Accordingly, this Court will not address Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment.

The Court finds that Plaintiff has properly pleaded a claim for breach of contract. Under New Jersey law, a plaintiff must allege three elements to state a breach of contract claim: (1) a valid contract; (2) breach of that contract; and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Plaintiff's Complaint states that Plaintiff and Defendant entered into a joint prosecution agreement, and that they intended to function as a single law firm. (Compl. ¶¶ 10, 12). The Complaint then recites how Defendants allegedly breached the contract: by releasing Leeds, Morelli & Brown, LLP from the State Court Matter without Plaintiff's consent, engaging in certain communications with Plaintiff's clients, making misrepresentations to Plaintiff to stifle its communication with clients, and making affirmative misrepresentations to counsel for Leeds, Morelli & Brown, LLP to the detriment of Plaintiff. (*Id.* ¶¶ 14-17). Specifically, Plaintiff also alleges that Defendants, "in violation of the agreement, announced [they] would not represent any clients who did not dismiss Leeds, Morelli & Brown." (*Id.* ¶ 21).

Plaintiff also claims that Defendants "stopped paying Plaintiff pursuant to the joint prosecution agreement." (*Id.* ¶ 22). Plaintiff asserts damages resulting from the alleged breach of contract, including *inter alia*, "lost monthly payments, money laid out-of-pocket for expenses," and "costs of Plaintiff's entering into agreements with substitute co-counsel, payments that should have been made by Defendants to Plaintiff under the contract and were not, as well as 50% of all attorney's fees collected by the Defendants." (*Id.* ¶¶ 23, 29).

Accordingly, accepting as true the factual allegations in the complaint and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has adequately pleaded facts to support its claim, and thus Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

**D.      Motion for a More Definite Statement Pursuant to 12(e)**

Defendants also argue that Plaintiff's Complaint "is so vague and ambiguous that the defendants could not possible prepare a response," and that "the plaintiffs must set forth the nature of the alleged breach, when this alleged breach conduct breach, how the alleged conduct breach, and how, or if, the plaintiffs sustained any damages and what those damages are." (Def. Br. at 16). Plaintiff contends that Defendants "fail to provide any support for this request," and it is inappropriate "to require Plaintiff to provide evidentiary material at this premature juncture." (Pl. Opp. at 12).

As Plaintiff correctly points out, Defendants' recitation of the facts suggest an ability to articulate a response to the Complaint. More importantly, this Court finds that Plaintiff's Complaint sets forth fair notice of its claim for breach of contract and has sufficiently pleaded this claim. Accordingly, the Court will exercise its discretion and will deny the request for a more definite statement. *See Clark*, 213 F.R.D. at 233.

**V.      Conclusion**

Based on the above, the Court DENIES Defendants' motion to dismiss Plaintiff's Complaint and for a more definite statement.

                                                                    s/*Esther Salas*
                                                                    **Esther Salas, U.S.D.J.**